UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>                Plaintiff,<br><br>        v.<br><br>CIRCUIT APPEAL, et al.,<br><br>                Defendants. | Case No.  1:23-cv-01284-BAM<br><br>**SCREENING ORDER GRANTING LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### I.      Background

Plaintiff William J. Gradford ("Plaintiff"), proceeding pro se, filed this civil action on August 28, 2023.  (Doc. 1.)  Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 2.)  Plaintiff's application was deficient.  Accordingly, on August 31, 2023, the Court ordered Plaintiff to file a new application to proceed *in forma pauperis* within thirty days or pay the filing fee.  (Doc. 3.)

Prior to filing a new application to proceed *in forma pauperis* or paying the filing fee, Plaintiff filed two notices of voluntary dismissal on September 7, 2023.  (Docs. 4 and 5.)  Concurrent with the notices of voluntary dismissal, Plaintiff also filed a notice of errata directed to the Clerk of the California Supreme Court.  The notice appears to concern an opening brief on the merits filed in that court related to a criminal proceeding.  Plaintiff also requested a proof of service by mail to attach with his notice of errata.  (Doc. 6.)

1

Four days later, on September 11, 2023, Plaintiff filed a new application to proceed *in forma pauperis* (Doc 7) and a notice requesting monetary damages (Doc. 8). Plaintiff also filed a notice of his willingness to continue this case. In the notice, Plaintiff indicated that he wanted to withdraw his previous dismissal of this case and continue. (Doc. 9.)

On September 13, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*, allowing this matter to procced despite Plaintiff's prior notices of voluntary dismissal. Plaintiff's complaint, filed on August 28, 2023, is currently before the Court for screening.[1] (Doc. 1.)

## II.     Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

---

[1] Plaintiff also filed a request for review on January 2, 2024. (Doc. 11.) As necessary and appropriate, Plaintiff's pending motions and requests will be addressed by separate order.

standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.  Summary of Plaintiff's Allegations

Plaintiff drafted his complaint using the form provided by this Court. The complaint form lists the Circuit Appeal and a Settlement Agreement as defendants in this action. (Doc. 1 at pp. 3, 5.) Plaintiff identifies the basis of this Court's jurisdiction as both federal question and diversity of citizenship. (*Id.* at p. 5.) In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, he states, "subject matter, breach." (*Id.* at 7.) In the section in which he is asked to indicate diversity of citizenship, he identifies a settlement agreement as both plaintiff and defendants in this action. (*Id.* at 7-9.) When asked to specify the amount in controversy, Plaintiff states that the action is not about money, but freedom. (*Id.* at p. 9.) The statement of claim section is nearly illegible, but appears to state as follows:

> "State" County of Stanislaus, CA, "May 7, 2019" 2 page document, personal [jurisdiction] in multi defendant conspiracy cases – negligence gross negligence Jurisdiction (conspiracy based on December 5, [illegible} I told deputy, i.e., Tiexiera (custody office) I was going to report him and he and deputy McCarthy

(*Id.*) Plaintiff also appears to indicate that a 2-page "document signed $3,000.00 check County of Stanislaus May 7, 2019 "Settlement Agreement" & Release of All" is exhibit A. (*Id.* at p. 11.) No exhibit A is attached to the form complaint.

### IV.  Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570,

1  127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*;
2  *see also Twombly*, 550 U.S. at 556–557.

3  Plaintiff's complaint is partially illegible and is not a plain statement of his claims. While
4  short, Plaintiff's complaint does not include clear, concise factual allegations. At a basic level, he
5  does not state what happened, when it happened, or who was involved. He also does not clearly
6  identify his claims, causes of action, or the relief that he is seeking. Without any factual
7  allegations, the Court cannot determine what Plaintiff is alleging or how defendants are alleged to
8  be responsible. If Plaintiff files an amended complaint, it should be a short and plain statement of
9  his claims and it must include factual allegations related to his claims that identify what
10 happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

11 **B.  Jurisdiction**

12 Federal courts are courts of limited jurisdiction and may adjudicate only those cases
13 authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*,
14 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary
15 appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)
16 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction,
17 the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State*
18 *Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for
19 subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28
20 U.S.C. §§ 1331, 1332. As pled, the complaint fails to allege this Court's subject matter
21 jurisdiction.

22 **1.  Diversity Jurisdiction**

23 Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil
24 actions "where the matter in controversy exceeds the sum or value of $75,000," and where the
25 matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

26 Here, Plaintiff does not allege that the parties' citizenship is completely diverse.
27 According to the complaint, all purported parties are citizens of California. (Doc. 1 at pp. 7. 9.)
28 Plaintiff also does not establish that the matter in controversy exceeds the sum or value of

$75,000. Plaintiff indicates that the action is not about money, and he fails to identify a specific amount in controversy. (*Id.* at pp. 9, 11.) Thus, Plaintiff's complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Although Plaintiff invokes federal question jurisdiction, Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States. Indeed, Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in his complaint. Instead, Plaintiff's complaint appears to assert a state law breach of contract claim involving an alleged settlement agreement, not a claim arising under federal law. Thus, Plaintiff's complaint does not establish federal question jurisdiction.

### V.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although accepted as true, the

1   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

2   ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the

3   nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v.*

4   *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

5         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

6   *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

7   complaint must be "complete in itself without reference to the prior or superseded pleading."

8   Local Rule 220.

9         Based on the foregoing, it is HEREBY ORDERED that:

10      1.    The Clerk's Office shall send Plaintiff a complaint form;

11      2.    **Within thirty (30) days** from the date of service of this order, Plaintiff shall file a

12  first amended complaint curing the deficiencies identified by the Court in this order or file a

13  notice of voluntary dismissal; and

14      3.    If Plaintiff fails to file an amended complaint in compliance with this order, then

15  the Court will recommend dismissal of this action, with prejudice, for failure to obey a court

16  order and for failure to establish this Court's jurisdiction.

17

18  IT IS SO ORDERED.

19     Dated:   **January 8, 2024**          /s/ *Barbara A. McAuliffe*

20                                          UNITED STATES MAGISTRATE JUDGE